**Willie L. ROBEY, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, CSP–LAC, Respondent—Appellee.**

No. 03–55387.
D.C. No. CV–01–11091–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 29, 2004.

Decided April 7, 2004.

Elizabeth A. Newman, Federal Public Defender'S Office, Los Angeles, CA, for Petitioner–Appellant.

Willie L. Robey, Lancaster, CA, pro se.

David A. Voet, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM *

We affirm the district court's denial of habeas relief because the challenged findings were not "unreasonable determination[s] of the facts in light of the evidence presented."[1]  Appellant does not claim

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  28 U.S.C. § 2254(d)(2).

that the state trial judge should not have inquired about deliberations at all, so we do not consider that issue. Nor does appellant claim that the state appellate court acted contrary to or unreasonably applied any decision of the United States Supreme Court.

We do not defer to findings arrived at through factfinding procedures that are "clearly inadequate."[2] But none of the flaws in the trial court's procedures that Robey alleges makes those procedures clearly inadequate. The state trial judge had to decide which of two jurors was telling the truth about what one of them said to the other privately in the hall before trial commenced. Asking them both, and then asking the jury foreman and another juror about what had been said during deliberations on the same subject, was not clearly inadequate for purposes of making that determination, particularly because the judge had the benefit of his own previous colloquy with juror Marshal on the same general subject. Thus, we apply the level of deference that our case-law and the habeas statute require, and we find no "manifest error."[3]

**AFFIRMED.**

2. *Torres v. Prunty,* 223 F.3d 1103, 1109 (9th Cir.2000).

3. *Perez v. Marshall,* 119 F.3d 1422, 1426 (9th Cir.1997).